**FILED**

**July 24, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:02 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Mark Fegan, | ) | Docket No. 2016-06-0910 |
| Employee, | ) | |
| v. | ) | |
| CSI Medical, Inc., | ) | State File No. 62393-2015 |
| Employer, | ) | |
| And | ) | |
| Am Trust, | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

### EXPEDITED HEARING ORDER GRANTING
### TEMPORARY DISABILITY BENEFITS (DECISION ON THE RECORD)

This case came before the Court on July 24, 2018, on Mr. Fegan's Request for Expedited Hearing without an in-person evidentiary hearing. The Court reviewed the file and held that it needed no additional information to make a decision on the record without an in-person hearing. The Court issued a docketing notice on July 12. CSI Medical filed a response on July 23 agreeing to pay Mr. Fegan past temporary disability benefits.[1] After considering the entire record, the Court holds Mr. Fegan is likely to show his entitlement and orders the requested relief.

### History of Claim

On October 10, 2015, Mr. Fegan injured his back at work. CSI accepted the claim and provided medical care.

Mr. Fegan selected Dr. Jarron Sullivan from a panel, who provided treatment until

---

[1] The response asserted that CSI and its carrier "believe in good faith that they have agreed to and resolve all currently pending issues of temporary disability benefits. Therefore, [they] do not believe it necessary for the Court to order on this issue at this time." Notably, the response does not contain a calculation of the sum it intends to pay or a timeline for payment, nor does it state that Mr. Fegan, who represents himself, agreed to withdraw his hearing request and accept CSI's proposed resolution. Therefore, the Court declines CSI's invitation to withhold ruling and enters this Order.

1

March 14, 2016. On that date, he placed Mr. Fegan at maximum medical improvement (MMI) and returned him to work fulltime with restrictions. According to Mr. Fegan's affidavit, CSI stopped paying temporary disability benefits on April 1. Mr. Fegan continued treating with Dr. Sullivan and also saw Dr. N.K. Singh in August. Dr. Singh diagnosed lumbar disk herniation at L4-L5, lumbar radiculopathy and cervical radiculitis, and he recommended injections.

Afterward, Mr. Fegan moved to Ohio, and when his pain persisted, he requested additional medical benefits from a provider near his new residence. CSI authorized treatment with Dr. Ronald Lakatos. Dr. Lakatos ultimately performed surgery on May 30, 2017. Afterward, CSI re-commenced payment of temporary total disability benefits while Mr. Fegan recovered. He continues treating with Dr. Lakatos.

Mr. Fegan seeks past temporary total disability benefits from April 1, 2016, to May 30, 2017. He supplied a letter and a Standard Form Medical Report from Dr. Lakatos to support his request. In the letter, Dr. Lakatos stated that he read the records from Drs. Sullivan and Singh, and he summarized their treatment. He additionally wrote:

> [W]ithin a reasonable degree of medical certainty it is my opinion that the patient was not at MMI at the time stated by Dr. Sullivan. I believe he was still in a state of disability from working. He clearly was continuing to present with not only lumbar symptoms, but also worsening cervical symptomatology[,] which appears to have not been addressed in these office visits as the lumbar symptoms were more profound. My understanding is the symptoms were continuing to worsen over this time. Precipitating the evaluation by Dr. Singh and then myself[.] . . . As it was not until May 30, 2017[,] that Mr. Fegan had cervical surgery on C5-6, C6-7 this also attests to the fact that he was not at MMI when deemed to be so by Dr. Sullivan.

On the Standard Form Medical Report, Dr. Lakatos took Mr. Fegan completely off work from the date of injury through May 30, 2017. He further wrote that Mr. Fegan is not at MMI yet.

## Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Fegan "must come forward with sufficient evidence from which the court can conclude that he or she is likely to prevail at a hearing on the merits." *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Mr. Fegan seeks temporary disability benefits. The Appeals Board reiterated the longstanding criteria for temporary disability benefits as follows: "An injured worker is

2

eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability." *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015)

Applying these principles, CSI never disputed that Mr. Fegan became disabled from working due to a compensable injury or that there is a causal connection between the injury and his inability to work. The sole issue is the duration of disability and specifically whether Dr. Sullivan placed Mr. Fegan at MMI prematurely. Dr. Lakatos read the treatment records from Drs. Sullivan and Singh, but he believed Dr. Sullivan's MMI pronouncement was incorrect. Dr. Lakatos placed the duration of disability from the date of injury until May 30, 2017, and concluded that Mr. Fegan is not at MMI. His opinion is unambiguous, and other than Dr. Sullivan's two-year-old MMI pronouncement, CSI introduced no contrary opinion. At the time of Dr. Sullivan's and Dr. Lakatos' pronouncements, both were authorized treating physicians. However, Dr. Lakatos provides a more in-depth analysis, and the Court gives it more weight. In sum, the Court concludes that Mr. Fegan sufficiently demonstrated he is likely to prevail at a hearing on the merits that he is entitled to temporary disability benefits from April 1, 2016, through May 30, 2017, and grants his request.[2]

**IT IS, THEREFORE, ORDERED** as follows:

1.  CSI shall pay lump-sum temporary total disability benefits totaling $19,389.52.

2.  This matter is set for a status conference on **September 10, 2018, at 8:30 a.m. Central Time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call may result in a determination of the issues without your further participation.

3.  Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty

---

[2] The wage statement is difficult to read, but it appears that Mr. Fegan's average weekly wage was $480.13, so his weekly compensation rate is $320.09 or $45.73 per day. 424 days times $45.73 equates to $19,389.52. If the Court's reading of the wage statement is incorrect, CSI may explain this when it provides its notice to the Compliance Unit along with a legible wage statement and pay the revised sum. In the alternative, either party may file a motion seeking a revised calculation, including a legible wage statement.

3

assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED July 24, 2018.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

The Court considered the following:
1. First Report of Injury, August 10, 2015
2. C-42 Choice of Physician form (undated)
3. Wage statement, August 31, 2015
4. Composite Medical Records:
   - Medtox Labs, August 10, 2015
   - Gallatin Urgent Care, August 10, 14, 2015
   - Vanderbilt University Medical Center
     - Dr. Sullivan: September 14, October 23, 2015; March 14, April 4, 2016
     - Dr. Singh: August 4, 2016
   - Results Physiotherapy, November 19, 2015, and reviewed by Dr. Sullivan on November 23, 2015
   - Align Networks FCE, February 23, 2016
   - Dr. Lakatos: December 19, 2016; MRI: January 26, 2017; March 3, 2017
5. Petition for Benefit Determination, May 18, 2016; amended July 27, 2016
6. Tri-Star Medical Group Fairvue bill, August 8, 2016
7. Dispute Certification Notice, September 21, 2016
8. Show Cause Order, December 15, 2016
9. Employer's Response to Initial DCN, January 30, 2017
10. Order on Show Cause Hearing, January 31, 2017
11. Order Rescheduling Status Conference, February 7, 2017
12. Request for Expedited Hearing, Affidavit, February 10, 2017
13. Employee's Motion to Appear by Phone, February 21, 2017
14. Order on Status Conference, March 13, 2017
15. Order on Status Conference, April 4, 2017
16. Motion for Surgery Date/Request for Expedited Hearing, May 3, 2017
17. Employer/Carrier Response to Employee's Motion for Surgery Date and Request for Expedited Hearing

18. Order Holding Request for Expedited Hearing/Motion for Surgery Date in Abeyance, May 18, 2017
19. Order on Status Conference, June 5, 2017
20. Order on Status Conference, September 11, 2017
21. Order on Status Conference, December 4, 2017
22. Order on Status Conference, March 5, 2018
23. Employer's Objection to Employee's Use of Standard Form Medical Report for Industrial Injuries (Form C-32) Completed by Ronald Lakatos, M.D., May 21, 2018
24. Order Resetting Status Conference, June 11, 2018
25. Request for Expedited Hearing, Affidavit, attachments (letter from Dr. Lakatos to Attorney Anne McKnight, Form C-32), June 26, 2018
26. Docketing Notice, July 12, 2018
27. Employer and Carrier's Position Statement, July 23, 2018

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to the following recipients by these methods of service on July 24, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Mark Fegan, self-represented Employee | X | | X | lisamatoal@gmail.com; 162 Chestnut Commons Dr., Commercial Point, OH 43116 |
| Fred Baker, Employer's attorney | | | X | Fbaker@wimberlylawson.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5